UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

F.L. ROBERTS & CO., INC.,       )
        Plaintiff,              )
                                )   C.A. No. 16-cv-12062-MAP
        v.                      )
                                )
LAND-AIR EXPRESS OF NEW         )
ENGLAND, LTD, et al.,           )
        Defendants.             )

<u>MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
LAND-AIR EXPRESS OF NEW ENGLAND, LTD, AND MOTION TO STRIKE
RESPONSE TO MOTION FOR DEFAULT JUDGMENT</u>
(Dkt. Nos. 24, 37, & 40)

October 24, 2017

PONSOR, U.S.D.J.

Plaintiff F.L. Roberts & Company, Inc. seeks damages from two corporate Defendants -- Northeast Freightways, Inc. ("NEF") and Land-Air Express of New England, LTD ("LAE") -- and from an individual Defendant -- William B. Spencer ("Spencer") -- for a failure to tender payment for deliveries of petroleum products. Defendant LAE has failed to appear and answer the complaint, and Plaintiff has moved for entry of a default judgment pursuant to Fed. R. Civ. P 55(a). (Dkt. No. 24.) A purported "response" to

Plaintiff's motion was filed pro se by the individual Defendant Spencer. (Dkt. No. 26.) Plaintiff then moved to strike the response, citing the well-established rule that a corporation, such as LAE, cannot be represented by a non-attorney acting pro se. (Dkt. No. 37.)

The motions for default judgment and to strike were referred to Magistrate Judge Katherine A Robertson, who issued her Report and Recommendation on October 3, 2017. (Dkt. No. 40.) She recommended that the former motion be allowed, but for a lesser amount of damages than requested by Plaintiff, and with the caveat that Plaintiff might want to hold off seeking entry of final judgment until the question of damages was further clarified by subsequent proceedings against the two remaining defendants. She recommended that the unopposed Motion to Strike be allowed.[1]

No objection has been filed by any party to Judge Robertson's Report and Recommendation. Upon de novo review, this court will adopt it, in part. As for the unopposed

---

[1] The parties initially appeared to consent to jurisdiction by the Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). However, the consent was not effective because Defendant LAE lacked proper legal representation to make this election.

Motion to Strike (Dkt. No. 37), it is hereby ALLOWED. As to the Motion for Default Judgment (Dkt. No. 24), it is ALLOWED, in part, solely as to liability, for two reasons. First, as Judge Robertson's Report points out, the issue of damages merits further clarification. Second, Fed. R. Civ. P. 54(b) prohibits entry of final judgment against fewer than all parties in a lawsuit, absent an express determination by the court that there is "no just reason for delay." The court is not in a position to make such a determination at this point.

The case will proceed as to the remaining parties in accordance with the scheduling order as revised. (See Dkt. Nos. 17 & 31.)

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. District Judge

3